# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALFONSO PERCY PEW, | No. 1:20-CV-00668 |
| Plaintiff, | (Judge Brann) |
| v. | (Magistrate Judge Carlson) |
| JOHN WETZEL, *et al.*, | |
| Defendant. | |

## ORDER

### OCTOBER 28, 2020

Plaintiff filed the instant action on April 22, 2020, and it was jointly assigned to the undersigned and Magistrate Judge Martin C. Carlson. Upon designation, a magistrate judge may "conduct hearings, including evidentiary hearings, and . . . submit to a judge of the court proposed findings of fact and recommendations."[1]  Once filed, this report and recommendation is disseminated to the parties in the case who then have the opportunity to file written objections.[2]

On September 3, 2020 Magistrate Judge Carlson, to whom this matter is jointly assigned, issued a thorough report and recommendation, recommending that Defendants' motion to revoke Plaintiff's leave to proceed *in forma pauperis* (Doc. 24) be granted in part, such that Plaintiff should be directed to file an amended complaint setting forth only those claims which he alleges entail imminent danger

---

[1]  28 U.S.C. 636(b)(1)(B).
[2]  28 U.S.C. 636(b)(1).

of serious bodily injury.  Furthermore, Magistrate Judge Carlson recommends that Plaintiff's motions (Docs. 35 and 38) be denied without prejudice to renew once Pew has properly filed an amended complaint including only the claims satisfying 28 U.S.C. § 1915(g).

Plaintiff filed objections to the report and recommendation on September 17, 2020.  When objections are timely filed, the District Court must conduct a de novo review of those portions of the report to which objections are made.[3] Although the standard of review for objections is de novo, the extent of review lies within the discretion of the District Court, and the Court may otherwise rely on the recommendations of the magistrate judge to the extent that it deems proper.[4]  For portions of the report and recommendation to which no objection is made, the Court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."[5]  Regardless of whether timely objections are made by a party, the District Court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.[6]

---

[3]  28 U.S.C. § 636(b)(1); *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011).
[4]  *Rieder v. Apfel*, 115 F.Supp.2d 496, 499 (M.D. Pa. 2000) (*citing United States v. Raddatz*, 447 U.S. 667, 676 (1980)).
[5]  Fed. R. Civ. P. 72(b), advisory committee notes; *see also Univac Dental Co. v. Dentsply Intern., Inc.*, 702 F.Supp.2d 465, 469 (M.D.Pa. 2010) (*citing Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) (explaining that judges should give some review to every report and recommendation)).
[6]  28 U.S.C. § 636(b)(1); Local Rule 72.31.

Because I write solely for the parties, I will not restate the facts, but will instead adopt the recitation of facts as set forth by the magistrate judge. I have conducted a de novo review here and found no error. "The imminent danger exception [] creates a narrow opening for a particular type of claim; it does not give prisoners like [Pew] a license to swamp the court with claims whenever they successfully state a claim of imminent danger."[7]

**AND NOW, IT IS HEREBY ORDERED** that:

1. Magistrate Judge Carlson's September 3, 2020 Report and Recommendation (Doc. 39) is **ADOPTED in full**.

2. The matter is remanded back to Magistrate Judge Carlson for further proceedings.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge

---

[7] *Brown v. Lyons*, 977 F.Supp.2d 475, 482 (E.D. Pa. 2013).